UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **BENNON L. MOORE** | * | **CIVIL ACTION NO. 09-0734** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** | * | **MAG. JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits. The district court referred the matter to the undersigned United States Magistrate Judge for proposed findings of fact and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons assigned below, it is recommended that the decision of the Commissioner be **REVERSED and REMANDED for further proceedings.**

### Background & Procedural History

Bennon L. Moore protectively filed the instant applications for Title II Disability Insurance Benefits and Title XVI Supplemental Security Income payments on October 4, 2004. *See* Tr. 199-201).[1] He alleged disability since April 24, 2004, because of depression, angina, diabetes, high blood pressure, acid reflux, and arthritis. (Tr. 241-242). The applications were denied at the initial stage of the administrative process. (Tr. 156-157, 176-179). Thereafter, Moore requested and received a September 22, 2005, hearing before an Administrative Law Judge ("ALJ"). (Tr. 84-110). However, in a February 23, 2006, written decision, the ALJ

---

[1] A prior claim was denied by an Administrative Law Judge on April 23, 2004. (Tr. 144-152).

determined that Moore was not disabled under the Act. (Tr. 167-175). Accordingly, Moore appealed the adverse decision to the Appeals Council. On May 15, 2006, the Appeals Council granted Moore's request for review, vacated the ALJ's decision, and remanded the case for further proceedings. (Tr. 187-189).

Upon remand, two more hearings were held before another ALJ on August 2, 2006, and February 6, 2008. (Tr 111-143). However, in a September 8, 2008, written decision,[2] the ALJ determined that Moore was not disabled under the Social Security Act, finding at Step Four of the sequential evaluation process that he was able to return to his past relevant work as a car salesman. (Tr. 19-32). Moore appealed the adverse decision to the Appeals Council, but to no avail. (March 10, 2009, Notice of Appeals Council Action, Tr. 8-10). Therefore, the ALJ's decision became the final decision of the Commissioner. *Id*.

On May 6, 2009, Moore sought review before this court. He alleges the following errors,

(1)   the ALJ committed reversible error by failing to comply with the Appeals Council remand order;

(2)   the ALJ's Step Four determination that plaintiff can return to his past relevant work is not supported by substantial evidence; and

(3)   this court should remand for an award of benefits.

**Standard of Review**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Where the Commissioner's decision is

---

[2] The ALJ issued an earlier decision on July 24, 2007. *See* Tr. 53-65. However, he vacated that decision because prior to the decision, plaintiff's counsel had requested an opportunity to cross-examine the medical expert. (Tr. 52).

supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying improper legal standards. *Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. at 401. Substantial evidence lies somewhere between a scintilla and a preponderance. *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is proper when no credible medical findings or evidence support the ALJ's determination. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

### Determination of Disability

Pursuant to the Social Security Act ("SSA"), individuals who contribute to the program throughout their lives are entitled to payment of insurance benefits if they suffer from a physical or mental disability. *See* 42 U.S.C. § 423(a)(1)(D). The SSA defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). Based on a claimant's age, education, and work experience, the SSA utilizes a broad definition of substantial gainful employment that is not restricted by a claimant's previous form of work or the availability of other acceptable forms of work. *See* 42 U.S.C. § 423(d)(2)(A). Furthermore, a disability may be based on the combined effect of multiple impairments which, if considered individually, would not be of the requisite severity under the

SSA.  *See* 20 C.F.R. § 404.1520(a)(4)(ii).

The Commissioner of the Social Security Administration has established a five-step sequential evaluation process that the agency uses to determine whether a claimant is disabled under the SSA.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The steps are as follows,

(1) An individual who is performing substantial gainful activity will not be found disabled regardless of medical findings.

(2) An individual who does not have a "severe impairment" of the requisite duration will not be found disabled.

(3) An individual whose impairment(s) meets or equals a listed impairment in [20 C.F.R. pt. 404, subpt. P, app. 1] will be considered disabled without the consideration of vocational factors.

(4) If an individual's residual functional capacity is such that he or she can still perform past relevant work, then a finding of "not disabled" will be made.

(5) If an individual is unable to perform past relevant work, then other factors including age, education, past work experience, and residual functional capacity must be considered to determine whether the individual can make an adjustment to other work in the economy.

*See, Boyd v. Apfel*, 239 F.3d 698, 704 -705 (5th Cir. 2001);  20 C.F.R. § 404.1520.

The claimant bears the burden of proving a disability under the first four steps of the analysis; under the fifth step, however, the Commissioner must show that the claimant is capable of performing work in the national economy and is therefore not disabled.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).  When a finding of "disabled" or "not disabled" may be made at any step, the process is terminated.  *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990).  If at any point during the five-step review the claimant is found to be disabled or not disabled, that finding is conclusive and terminates the analysis.  *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

## Analysis

### I. Steps One, Two, and Three

The ALJ determined at Step One of the sequential evaluation process that Moore did not engage in substantial gainful activity during the relevant period. (Tr. 24). At Step Two, he found that Moore suffers severe impairments of diabetes mellitus, type II; arterial hypertension; generalized arthralgia; gastroesophageal reflux disease (GERD); hyperlipidemia; alcohol abuse; and major depression. *Id*. He concluded, however, that the impairments were not severe enough to meet or medically equal any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4, at Step Three of the process. (Tr. 25).

### II. Residual Functional Capacity

The ALJ next determined that Moore retained the residual functional capacity to perform the "full range of light work." (Tr. 26).[3] Furthermore,

> [h]e is able to understand, remember and carry out simple instructions, but he has slight limitations in an ability to make judgments on simple work-related decisions; and moderate limitations in an ability to understand, remember and carry out detailed instructions. He has slight limitations in an ability to interact appropriately with the general public, co-workers and supervisors; and, to respond appropriately to work pressures and/or changes in a routine or usual work setting.

---

[3] Light work entails:
> . . . lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

>   (Moderate means that the individual has some difficulties in this area but still is able to function satisfactorily).

*Id.*

In his memoranda before this court, plaintiff does not directly challenge the ALJ's residual functional capacity assessment. Moreover, because the undersigned finds that this matter should be reversed on other grounds, *see* discussion, *infra*, the court expresses no opinion regarding the sufficiency of the ALJ's residual functional capacity assessment.[4]

### III. Step Four

At Step Four of the sequential evaluation process, the ALJ ostensibly employed a vocational expert ("VE") to find that Moore was able to return to his past relevant work as a car salesman, as he performed the job, and as the job is generally employed in the national economy. (Tr. 31).[5]

Plaintiff contends that the ALJ failed to conduct the necessary comparison between his residual functional capacity and the demands of his past relevant work.[6] In this regard, the Fifth

---

[4] To the extent that the plaintiff harbors doubts concerning the ALJ's decision to favor the opinion of a non-examining medical expert (Dr. Felkins) over the opinion of an examining, consultative psychologist, Dr. Williams, the conflict may be resolved by consulting plaintiff's treating psychiatrist, Dr. Kay Williams. If necessary, plaintiff may exercise his right to subpoena or propound written interrogatories to the physician(s) in question. *See, Lidy v. Sullivan*, 911 F.2d 1075 (5th Cir. 1990); POMS DI 29501.025 (authorizing written interrogatories);

[5] Past relevant work is defined as "the actual demands of past work or 'the functional demands ... of the occupation as generally required by employers throughout the national economy.'" *Jones v. Bowen*, 829 F.2d 524, 527 (5th Cir. 1987) (citing, Social Security Ruling 82-61).

[6] Plaintiff also argues that the ALJ failed to fully comply with the Appeals Council's remand order requiring him to complete all necessary comparative assessments at Step Four of the sequential evaluation process in accordance with Social Security Ruling 82-62. *See* Tr. 188. By regulation, the ALJ is obliged to effect the actions ordered by the Appeals Council. 20 C.F.R. § 404.977(b). Moreover, where the rights of individuals are affected, an agency must follow its own procedures, even where the procedures are more rigorous than otherwise would be required

Circuit has recognized that

> when making a finding that an applicant can return to his prior work, the ALJ must directly compare the applicant's remaining functional capacities with the physical and mental demands of his previous work. He must make clear factual findings on that issue. The ALJ may not rely on generic classifications of previous jobs.

*Latham v. Shalala*, 36 F.3d 482, 484 (5th Cir. 1994) (citations omitted).

Here, the substance of the instant ALJ's Step Four analysis consisted of the following paragraph,

> [t]he vocational expert testified the claimant's past relevant work corresponded to the following job title in the Dictionary of Occupational Titles (DOT): salesperson, automobile, DOT #273.353-010, light exertion with a SVP rating of 6, making it skilled work. *She stated that based upon the above stated residual functional capacity, a person of the claimant's age, education and work experience could return to his past relevant work as a car salesman, as previously performed and as generally performed in the national economy.*

(Tr. 31) (emphasis added).

The initial difficulty with the foregoing finding, is that the italicized portion is not supported by the record. The hearing transcript indicates that the ALJ did not posit any hypotheticals to the VE, and thus, the VE never opined that a hypothetical claimant with plaintiff's vocational factors and residual functional capacity (including the mental limitations of functioning credited by the

---

(*e.g.* by case law). *See, Hall v. Schweiker,* 660 F.2d 116, 119 (5th Cir. 1981) (citations omitted). If an agency violates its own rules, with resulting prejudice, then the underlying proceedings are tainted, and any resulting actions cannot stand. *Id.* Nonetheless, "[p]rocedural perfection in administrative proceedings is not required." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir.1988). Procedural improprieties "constitute a basis for remand only if such improprieties would cast into doubt the existence of substantial evidence to support the ALJ's decision." *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir.1988). Thus, to obtain remand because of an ALJ's failure to comply with an Appeals Council order, plaintiff must demonstrate that the ALJ's omission(s) substantially affected the outcome. In other words, this alleged procedural error is subsumed within plaintiff's argument regarding the sufficiency of the ALJ's Step Four determination.

ALJ) could perform the job of automobile salesperson. *See* Tr. 116-124.

Even if the ALJ was not obliged to consult a VE at Step Four of the sequential evaluation process, he did not compare plaintiff's vocational factors[7] and residual functional capacity to the position of automobile salesperson – either as plaintiff performed the job, or as it is generally performed in the national economy. This omission constitutes more than a procedural error, because according to plaintiff, he actually performed the job of salesperson at the medium exertional level, which, of course, exceeds his residual functional capacity. *See* Tr. 213. Moreover, it does not appear likely that a claimant with plaintiff's vocational background[8] or mental limitations of functioning,[9] possesses the necessary General Educational Development ("GED") to perform the job of auto salesperson, as this job is generally performed in the national economy according to the Dictionary of Occupational Titles ("DOT").[10]

---

[7] Although the regulations dictate that the Commissioner will *not* consider a claimant's vocational factors at Step Four of the sequential evaluation process, 20 C.F.R. § 404.1560(b)(3), the Fifth Circuit has held that it is not error for the Commissioner to do so. *Thomas v. Shalala*, 1995 WL 337785, *2 (5th Cir. May 23, 1995) (unpubl.). Of course, if the Commissioner elects to consider vocational factors at Step Four – as the instant ALJ professed to do, then he should ensure that his resulting determination comports with the claimant's vocational profile.

[8] To the extent that the ALJ will consider vocational factors at Step Four upon remand. If so, there is evidence that Moore failed to complete the ninth grade, could perform no more than basic math, and was characterized by a prior ALJ as functionally illiterate. *See* Tr. 89-90.

[9] E.g., moderate limitations in his ability to understand, remember and carry out detailed instructions.

[10] According to the DOT, the job of auto salesperson has a Reasoning Level of 4, a Math Level of 3, and a Language Level of 4. *See* DOT # DOT #273.353-010. A Reasoning Level of 4 denotes the ability to
> [a]pply principles of rational systems to solve practical problems and deal with a variety of concrete variables in situations where only limited standardization exists. Interpret a variety of instructions furnished in written oral diagrammatic, or schedule form. Examples of rational systems are: bookkeeping, internal combustion engines, electric wiring systems, house building, farm management,

Accordingly, the court is compelled to find that the ALJ's Step Four determination is not supported by substantial evidence. *See Latham, supra* (remand required, *inter alia*, because of ALJ's failure to explain how claimant's mental impairments did not prevent the claimant from returning to his past relevant work).

## IV.   Reversal and Remand

Because the Commissioner's Step Four determination was not supported by substantial evidence, the court further finds that the Commissioner's ultimate conclusion that plaintiff is not disabled is also not supported by substantial evidence.

Plaintiff urges the court to enter a judgment awarding benefits. The courts have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. §405(g). When reversal is warranted, the matter is remanded with instructions to make an award only if the record enables the court to conclusively determine that the claimant is entitled to benefits. *See Ferguson v. Heckler*, 750 F.2d 503, 505 (5th Cir. 1985); *see also Rini v. Harris*, 615 F.2d 625, 627 (5th Cir.1980) (reversing and remanding with direction to enter judgment where the evidence was not substantial and the record clearly showed the claimant's right to benefits). The instant record is not so disposed. It is conceivable that further development may resolve the current inconsistencies with the Commissioner's Step Four analysis, sufficient to support a finding of not disabled.

---

and navigation.
*See* DOT (Pl. Brief, Exh. A).
A Math Level of 3 contemplates the ability to "[c]ompute discount, interest, profit, and loss; commission, markup, and selling price; ratio and proportion; and percentage. Calculate surfaces, volumes, weights and measures." *See* DOT (Pl. Brief, Exh. A).

**Conclusion**

For the above-stated reasons,

**IT IS RECOMMENDED** that the Commissioner's decision be **REVERSED** and **REMANDED** pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent herewith.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 30th day of July 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE